UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 11-11091-GAO

PAUL FRANCIS and RUTH FRANCIS,
Plaintiffs,

v.

CITIMORTGAGE, INC. and
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
Defendants.

OPINION AND ORDER
March 28, 2012

O'TOOLE, D.J.

Plaintiffs purchased a property at 13 Hendry St., Dorchester, Massachusetts in April 2004. In May, 2006, they granted a mortgage on this property to New York Mortgage Company, LLC, as security for a promissory note in the amount of $427,000. Mortgage Electronic Registrations Systems, Inc. ("MERS") is identified by the mortgage as "a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument." (Notice of Removal, Ex. 1 at 17 (dkt. no. 1).) The mortgage further states that MERS has the right to "exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property." (Id. at 19.)

MERS assigned the mortgage to CitiMortgage ("Citi") on June 23, 2009. This assignment was recorded with the Suffolk Registry of Deeds on July 2, 2009. (See Notice of Removal, Ex. 1 at 38.) After the assignment was recorded, the plaintiffs defaulted on the terms of the note and mortgage. Citi then filed a complaint in the Massachusetts Land Court. The property was sold at a foreclosure auction on May 18, 2011.

The plaintiffs filed the present action in Massachusetts Superior Court in July, 2011, alleging causes of action for declaratory judgment (Count I), to quiet title (Count II), and for breach of the duty of good faith and reasonable diligence (Count III).

The plaintiffs seek a declaratory judgment that the foreclosure was invalid on the grounds that MERS did not have the authority to assign the mortgage to Citi and that Citi could not legally foreclose on the property because it did not hold the note. However, the express language of the mortgage states that MERS has the right of both assignment and non-judicial foreclosure. Additionally, if a mortgage names MERS as mortgagee and as nominee for the lender or its assigns, MERS has the authority to assign the mortgage to another entity. Aliberti v. GMAC Mortg., LLC, 779 F.Supp. 2d 242, 249 (D. Mass. 2011).

The plaintiffs next assert that the defendant cannot foreclose because it does not hold the note. In Massachusetts, the entity initiating non-judicial foreclosure does not have to hold the note. Valerio v. U.S. Bank, N.A., 716 F. Supp. 2d 124, 128 (D. Mass. 2010) (the statute that grants the statutory power of sale is addressed to mortgagees, not note holders). Rather, it must be the mortgagee or the assignee of the mortgage at the time of the notice and sale. Alberti, 779 F. Supp. 2d at 249.

The plaintiffs also claim quiet title of the property on the grounds that Citi did not hold the note and did not present the entire chain of title of the note and mortgage when it instituted foreclosure proceedings. This claim fails because the plaintiffs have not pled any underlying defect or violation that entitles them to this relief. None of the reasoning put forth in the pleadings supports the conclusion that the plaintiffs are entitled to quiet title to this property.

The plaintiffs also allege that Citi breached its duty of good faith and reasonable diligence in selling the property without a valid assignment from MERS. Under Massachusetts

law, a mortgagee has a duty of good faith and reasonable diligence in exercising a power of sale. Seppala & Aho Constructions Aho Construction Co., Inc., v. Petersen, 367 N.E. 2d 613, 616 (Mass. 1977). As noted above, the assignment of the mortgage from MERS to the defendant was valid. Additionally, the plaintiffs have not alleged any specific facts supporting a claim that the defendant acted in bad faith or lacked reasonable diligence during the foreclosure process.

  For the foregoing reasons, the defendants' Motion (dkt. no. 10) to Dismiss is GRANTED. The clerk shall enter a judgment dismissing the action.

  It is SO ORDERED.

               /s/ George A. O'Toole, Jr.
               United States District Judge